UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SARA HOUSTON,<br><br>　　　　Plaintiff,<br><br>　-v-<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>　　　　Defendant. | CASE NO.: 2:20-cv-02320<br><br>JUDGE:<br><br>COMPLAINT<br>JURY DEMAND ENDORSED HEREON |

Plaintiff, Sara Houston, for her Complaint against Midland Credit Management, Inc. ("Defendant"), states as follows:

### NATURE OF THE ACTION

1.　Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/10a ("ICFA"), as a result of Defendant's unlawful debt collection practices as described in this Complaint, *infra*.

### JURISDICTION AND VENUE

2.　This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.　Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Central District of Illinois and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Central District of Illinois.

PARTIES

4. Plaintiff, Sara Houston ("Ms. Houston"), is a natural adult person residing in Paxton, Illinois, which lies within the Central District of Illinois.

5. Ms. Houston is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

6. Ms. Houston is a "person" as that term is defined and/or used within the ICFA.

7. Defendant, Midland Credit Management, Inc., is a Kansas corporation in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8. On its website and within its correspondences to consumers, Defendant identifies itself as a "debt collector," and has been a member of the Association of Credit and Collection Professionals since 1991.

9. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

10. Defendant is a "person" as that term is defined and/or used within the ICFA.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

12. Several years ago, Ms. Houston fell behind on some of her credit obligations, including a consumer debt originally owed to *Synchrony Bank* in connection with a *Sams Club* credit card account (the "Debt").

13. After falling into default on the *Synchrony Bank / Sams Club* credit card account, the Debt was ultimately sold to *Midland Funding LLC* for collection by Defendant.

14. On or around June 10, 2020, Ms. Houston received a dunning correspondence from Defendant attempting to collect the Debt (the "Collection Letter"). A copy of the Collection Letter is attached to this Complaint as Exhibit A.

15. On the reverse side of the Collection Letter, Defendant identified itself to Ms. Houston as a "debt collector" attempting to collect a "debt."

16. The Collection Letter stated, in relevant part:

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may report it to the credit reporting agencies as unpaid. If you make a payment on this debt we will not use the payment to restart the time to sue you for this debt even if the law permits us to do so.

*See* Exhibit A.

17. As of June 10, 2020, the date Defendant sent the Collection letter to Ms. Houston, the Debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations period.

18. The applicable statute of limitations for the Debt states, in relevant part:

> Except as provided in Section 2-725 of the 'Uniform Commercial Code', approved July 31, 1961, as amended, and Section 11-13 of 'The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied . . . shall be commenced within 5 years next after the cause of action accrued.

*See* 735 ILCS § 5/13-205.

19. Defendant attempted to collect the Debt from Ms. Houston in the Collection Letter, including offering her a "discount program" with three (3) separate options for resolving the Debt at a reduced sum of money. *See* Exhibit A.

20. The Collection Letter failed to clearly and unambiguously inform Ms. Houston that Defendant (or anyone else) was legally barred from suing Ms. Houston to collect the Debt. *See* Exhibit A; *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679 (7th Cir. 2017), *cert denied*,

138 S. Ct. 736 (2018); *Perea v. Portfolio Recovery Assocs., LLC*, 2020 WL 5763647 (N.D. Ill. Sept. 28, 2020).

21. The Collection Letter failed to clearly and unambiguously inform Ms. Houston that a partial payment or new promise to pay would restart the statute of limitations under Illinois law. *See* Exhibit A; *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679 (7th Cir. 2017), *cert denied*, 138 S. Ct. 736 (2018); *Perea v. Portfolio Recovery Assocs., LLC*, 2020 WL 5763647 (N.D. Ill. Sept. 28, 2020).

22. After a reasonable time to conduct discovery, Ms. Houston believes she can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

23. Plaintiff was confused and misled by the Collection Letter.

24. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from her on time-barred debt(s) and ultimately cause unwarranted harm to her credit or otherwise harm her financially.

25. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use deceptive, misleading and unfair communications and means in its attempts to collect the Debt.

26. As a result of Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

27. As a result of Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described in this Complaint.

GROUNDS FOR RELIEF

C<small>OUNT</small> I
V<small>IOLATIONS OF THE</small> F<small>AIR</small> D<small>EBT</small> C<small>OLLECTION</small> P<small>RACTICES</small> A<small>CT</small>
*15 U.S.C. §§ 1692e, e(2)(A), e(5), e(10) and f*

28.     All prior paragraphs are incorporated into this count by reference.

29.     The FDCPA states, in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (5) The threat to take any action that cannot legally be taken or that is not intended to be taken; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e, e(2)(A), e(5) and e(10).

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

15 U.S.C. § 1692f.

30.     Defendant violated §§ 1692e, e(2)(A), e(5), e(10) and f of the FDCPA by attempting to collect the Debt from Plaintiff via the Collection Letter using deceptive, misleading and unfair representations such as expiring discount offers without unambiguously informing Plaintiff of material information concerning the time-barred status of the Debt, namely, that: (i) she could no longer be sued by anyone seeking to enforce the Debt due to the expiration of the applicable statute of limitations; and (ii) if she made a partial payment towards the balance of the Debt, or a new promise to pay the Debt, she would revive the applicable statute of limitations under Illinois law and subject herself to a potential future lawsuit and court judgment in favor of Defendant (and/or Midland Funding LLC) for the full amount of the Debt.

31. The Collection Letter was patently ambiguous, deceptive, misleading and unfair as a matter of well-established Seventh Circuit FDCPA law. *See Perea v. Portfolio Recovery Assocs., LLC*, 2020 WL 5763647 (N.D. Ill. Sept. 28, 2020) (relying on *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679 (7th Cir. 2017), *cert denied*, 138 S. Ct. 736 (2018)).

32. At all times relevant to this Complaint, Defendant knew that the applicable statute of limitations to collect the Debt had expired, yet failed to provide complete and/or accurate disclosure of same – and/or the legal implications of same – to Plaintiff.

33. As an experienced debt collection agency, Defendant knows that the statements it makes to consumers during its debt collection communications are required to be true, complete and accurate, especially when Defendant is attempting to collect a time-barred debt.

34. Defendant had an obligation to accurately and unambiguously alert Plaintiff as to her rights with respect to the time-bared Debt, but skirted this obligation with deceptive and misleading representations, omissions and/or means.

35. As set forth in paragraphs 23 through 27, *supra*, Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this Complaint.

COUNT II
VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
*815 ILCS § 505/2*

36. All prior paragraphs are incorporated into this count by reference.

37. Defendant's collection activity in connection with the Debt constitutes "conduct of any trade or commerce" as that phrase is defined and/or used within the ICFA.

38. The ICFA states, in relevant part:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent

> that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS § 505/2.
>
> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS § 505/10a.

39. Defendant violated the ICFA, namely 815 ILCS § 505/2, by engaging in unfair, abusive, and deceptive practices in its attempts to collect the Debt as described in this Complaint.

40. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff by, *inter alia*, attempting to collect the Debt from Plaintiff via the Collection Letter using deceptive, misleading and unfair representations such as expiring discount offers without unambiguously informing Plaintiff of material information concerning the time-barred status of the Debt, namely, that: (i) she could no longer be sued by anyone seeking to enforce the Debt due to the expiration of the applicable statute of limitations; and (ii) if she made a partial payment towards the balance of the Debt, or a new promise to pay the Debt, she would revive the applicable statute of limitations under Illinois law and subject herself to a potential future lawsuit and court judgment in favor of Defendant (and/or Midland Funding LLC) for the full amount of the Debt.

41. Defendant knew that the applicable Illinois statute of limitations to collect the Debt had expired, yet failed to provide complete and/or accurate disclosure of same – and/or the legal implications of same – to Plaintiff.

42. Defendant intended that Plaintiff rely on its deceptive and misleading representations and/or omissions in order to procure immediate payment of the Debt and/or prevent Plaintiff from understanding and/or exercising her legal rights.

43. As set forth in paragraphs 23 through 27, *supra*, Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this Complaint.

44. As such, Plaintiff is entitled to relief pursuant to 815 ILCS § 505/10a.

45. Defendant's actions as set forth in this Complaint were malicious, willful and/or undertaken with such reckless disregard of Plaintiff's rights that malice may be inferred, subjecting Defendant to liability for punitive damages under the ICFA in such an amount to be proved at trial.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Sara Houston, respectfully requests that this Court enter judgment in her favor as follows:

A. Awarding Plaintiff actual damages, in such amounts as determined by the jury, as provided under 15 U.S.C. § 1692k and 815 ILCS § 505/10a;

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff punitive damages, in such an amount as determined by the jury, as provided under 815 ILCS § 505/10a;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3) and 815 ILCS § 505/10a; and

E. Awarding Plaintiff such other and further relief as may be just and proper.

DATED this 17th day of November, 2020.        Respectfully Submitted,

  */s/ Geoff B. McCarrell*
Geoff B. McCarrell #0086427
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
geoff.m@consumerlawpartners.com

*Attorneys for Plaintiff, Sara Houston*

JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                        */s/ Geoff B. McCarrell*
                                        Geoff B. McCarrell #0086427
                                        CONSUMER LAW PARTNERS, LLC